IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TERRY MATTHEW DAVIS, (TDCJ-CID #02188800) Plaintiff, | § § § § | |
| vs. | § § | CIVIL ACTION H-19-3151 |
| ANDREA COX, et al., Defendants. | § § § § | |

## MEMORANDUM ON DISMISSAL

Terry Matthew Davis, a Texas Department of Criminal Justice inmate, sued in August 2019, alleging civil rights violations resulting from a denial of adequate medical care. Davis has neither paid the $350.00 filing fee nor sought leave to proceed as a pauper. From his litigation history, the Court presumes that he seeks leave to proceed in forma pauperis. Davis, proceeding pro se, sues Andrea Cox, patient care assistant; Issacc Kwanteng, Director of University of Texas Medical Branch; Tiffani Mate, nursing/patient care assistant; and Tanya Lawson, Senior Practice Manager.

The threshold issue is whether Davis's claims should be dismissed as barred by the three-strikes provision of 28 U.S.C. § 1915(g). The Court concludes that Davis's claims are barred and should be dismissed for the reasons stated below.

**I.      Davis's Allegations**

Davis asserts that on an unspecified date in July and on August 9, 2019, Nurse Cox refused to administer a Genvoya tablet for treatment of HIV. Davis asserts that the nurses on the McConnell Unit have denied his medications because he is black and a Muslim. Davis seeks $150,000.00 in

compensatory damages.

## II. Analysis

A prisoner is not allowed to bring a civil action in forma pauperis in federal court if, while incarcerated, three or more of his civil actions or appeals were dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Davis's litigation history reveals that he has previously submitted abusive and scurrilous filings in federal court. Prior to filing this action, he had at least three suits dismissed as frivolous. *Davis v. Hendry,* 4:12-CV-3640 (dismissed as frivolous on April 22, 2013)(S.D. Tex.); *Davis v. Sergeant/Lieutenant of Classification,* 4:13-CV-0098 (dismissed for failure to state a claim on January 17, 2013)(S.D. Tex.); and *Davis v. Rowell,* 4:12-CV-3601 (dismissed for failure to state a claim on January 11, 2013)(S.D. Tex.).

Liberally construed, Davis alleges that he is in imminent danger of serious physical injury due to the denial of adequate medical care for HIV. Davis claims that the defendants are negligent in the administration of his medications. His allegations as a whole reflect his disagreement with the medical care being afforded him. Such disagreement, however, is insufficient to show that he is in imminent danger for purposes of § 1915(g). *Davis v. Gregory,* 735 F. App'x 158, 159 (5th Cir. 2018). *See also Edmond v. Tex. Dep't of Corrs.,* No. 97-10819, 161 F.3d 8, 1998 WL 723877, at *3 (5th Cir. Oct. 7, 1998) (per curiam) (Allegations about the quality of medical care are insufficient to meet the threshold requirement of imminent danger of physical injury).

In the present case, Davis has not alleged, nor does his complaint demonstrate, that he is in imminent danger of serious physical injury. Accordingly, Davis is barred under 28 U.S.C. § 1915(g)

2

from proceeding in forma pauperis in this action.

**III. Conclusion**

Davis's Constructive Motion to Proceed as a Pauper, (Docket Entry No. 1), is DENIED. The complaint filed by Terry Matthew Davis, (TDCJ-CID #02188800), is DISMISSED under 28 U.S.C. § 1915(g).[1] Davis's Motion for Disposition of Indictments, (Docket Entry No. 3), is DENIED as moot. All pending motions are DENIED. Davis is warned that continued frivolous filings may result in the imposition of sanctions.

The Clerk will provide a copy of this order by regular mail, facsimile transmission, or e-mail to:

(1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas 78711, Fax: 512-936-2159;

(2) the Inmate Trust Fund, P.O. Box 629, Huntsville, Texas 77342-0629, Fax: 936-437-4793; and

(3) the Manager of the Three-Strikes List for the Southern District of Texas at: Three_Strikes@txs.uscourts.gov.

SIGNED at Houston, Texas, on SEP 2 6 2019

ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

---

[1] In *Adepegba v. Hammons*, 103 F.3d 383 (5th Cir. 1998), the Fifth Circuit barred an inmate from proceeding further under the statute, except for cases involving an imminent danger of serious physical injury, and dismissed all of Adepegba's i.f.p. appeals pending in that court. The Fifth Circuit noted that the inmate could resume any claims dismissed under section 1915(g), if he decided to pursue them, under the fee provisions of 28 U.S.C. §§ 1911-14 applicable to everyone else.